---

(No. 15348.—Reversed and remanded.)
LOUIS J. STOLLE, Appellee, *vs.* MARTHA MITCHELL, Appellant.

*Opinion filed October 20, 1923.*

1. CONSTITUTIONAL LAW—*act of 1921 as to proving titles does not regulate practice in courts.* The act of 1921 concerning the proving of titles (Laws of 1921, p. 347,) is an act relating to the rules of evidence and is not invalid as a special act regulating practice in courts of justice, in contravention of section 22 of article 4 of the constitution.

2. SAME—*act of 1921 not invalid as conferring judicial power on chief examiner of titles.* The act of 1921 concerning the proving of titles is not invalid as conferring judicial power upon the chief examiner of titles, as the power conferred upon him is not judicial but merely authorizes him to exercise judgment in the execution of his ministerial power.

3. REGISTRATION OF TITLE—*when act of 1921 does not do away with proof required by section 18 of Torrens law.* The act of 1921 (Laws of 1921, p. 347,) must be construed in connection with section 18 of the Torrens law as amended in 1921, and it is only when the proof required by section 18 cannot be made that the certificate of the chief examiner of titles can be used to make the abstract of title admissible in evidence.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

GEORGE J. KEARNS, for appellant.

ERWIN F. STOLLE, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case is the constitutionality of an act concerning the proving of titles to land in those counties which have adopted the act known as the Torrens act. (Laws of 1921, p. 347.) Section 1 of that act provides that in any county which has adopted the act concerning land titles, approved and in force May 1, 1897, known as the Torrens act, the chief examiner of titles may, if he is satisfied that the abstract of title has been signed by some person, firm or corporation engaged in the business of making abstracts in such county, certify that the document appears on its face to be an original abstract of title or a copy thereof, or one which is commonly in use in his county as a copy of an abstract. This section also prescribes certain other information to be contained in the certificate, hereinafter further referred to, and prescribes the qualifications of the chief examiner which are necessary to entitle him to make such certificate. Section 3 provides for the use of such abstract as evidence in proceedings to register land under the act, and is as follows: "In proceedings to register land under the provisions of the act above referred to by its title, in suits to quiet title, and in all other suits at law or in equity concerning the title to real estate, or the estates, mortgages, liens, charges and interests affecting such title, any document certified in accordance with the provisions of this act by a chief examiner of titles or by an examiner of abstracts shall be admissible in evidence without further proof, and shall be *prima facie* evidence of what such document purports to show as to all conveyances, judgments, tax sales, forfeitures and confirmed special assessments, and the estates, mortgages, liens, charges and interests affecting the title to the premises described in the caption or captions of such document."

Appellant, who was made defendant by appellee in an application for registration of title under the Torrens act, contends that section 3 violates section 22 of article 4 and section 2 of article 2 of the constitution of Illinois and the fourteenth amendment to the constitution of the United States, and that for that reason the abstract admitted in evidence before the examiner and certified to by him as provided in this act, though not otherwise identified, was inadmissible, and there was therefore insufficient competent proof to sustain a decree permitting the registration of applicant's title. The chancellor overruled the objection and decreed that the appellee's title be registered. It is admitted that the evidence without the abstract of title would not be sufficient.

The principal contention is that the act is a special law regulating practice in courts of justice, and so contravenes section 22 of article 4 of the constitution of Illinois. This is a misconception of the term "practice." The act in question provides that abstracts of title, with the certificate of the examiner, may be used as evidence in hearings for registration of land titles, and provides that such abstracts, when so certified, shall constitute *prima facie* evidence of a right to registration. The act is therefore not one relating to practice in courts of record but to rules of evidence. No one has a vested right in a rule of evidence. Such rules are subject to the control of and modification by the legislature at any time. (*Shellabarger Elevator Co.* v. *Illinois Central Railroad Co.* 278 Ill. 333; *People* v. *Rose,* 207 id. 352; *Schott* v. *People,* 89 id. 195.) The act may be adopted by any county by adopting the provisions of the Torrens act, and is not a special law. *People* v. *Simon,* 176 Ill. 165; *People* v. *Hoffman,* 116 id. 587.

It is also urged that the act is invalid for the reason that it confers judicial powers on the chief examiner of titles. Judicial power is one which adjudicates upon and protects the rights and interests of individual citizens and

to that end construes and applies the law. (*People* v. *Chase,* 165 Ill. 527.) The prohibition of the constitution against conferring judicial power upon ministerial officers has never been held to apply to cases where judgment is exercised as incident to the execution of ministerial powers. (*Owners of Lands* v. *People,* 113 Ill. 296.) In *People* v. *Simon, supra,* the powers of the legislature in this regard were discussed, and the distinction was drawn between the exercise of judicial powers and the use of judgment in the exercise of ministerial powers. Such distinction is applicable here.

The act objected to provides, not that the certificate of the chief examiner as to the abstract offered in evidence shall conclusively prove anything, but that it amounts to a sufficient certification to entitle the abstract to be introduced in evidence. Such abstract, when introduced, becomes *prima facie* proof of the transfers therein described. The act is not open to the constitutional objections urged.

Appellant contends, however, that even though this act be constitutional it does not relieve the applicant from making proof of his abstract under section 18 of the Torrens act. Section 18 of the Torrens act (Hurd's Stat. 1921, p. 764,) provides the method by which the examiner of titles may determine the sufficiency of the title sought to be registered and the truth of the matters set forth in the application. It provides that he may receive in evidence any abstract of title or certified copy thereof, upon a showing that the signature attached to the abstract, if an original abstract, is genuine. The act relating to certification of abstracts known by the chief examiner to have been signed by the abstracter was evidently passed by the legislature as an additional provision for certification in those cases where, by reason of the lapse of years following the making of an abstract, no proof of knowledge of the signature of the abstracter can be otherwise obtained. Section 1 of the act provides that no such certificate shall be made unless prior to the date of the certification the chief examiner

shall have had at least two years' experience as an examiner of titles in his county or shall have been licensed to practice law for at least ten years prior to such certification. The certificate of the chief examiner is that he knows what persons, firms or corporations are generally reputed to be or to have been engaged in the business of making abstracts for hire, or copies thereof, in the county where the application is filed, and that he is acquainted with the signatures reputed to be the authorized and genuine signatures of the persons or officials accustomed to attach the signatures of such persons, firms or corporations to such documents, and that the signatures on the foregoing abstract are genuine. We are of the opinion that this act is to be read in connection with section 18 of the Torrens act, and provides a further means of identifying an abstract where there is a showing that proof of the signature to the abstract, as required by section 18 of the Torrens act, cannot be made. The act in question was approved June 24, 1921. Section 18 of the Torrens act was amended by an act approved June 29, 1921. It is evident that the legislature intended that these acts should be construed together. When so read, the acts show an intention on the part of the legislature that certification by the examiner shall be given only upon showing that it is impossible to make the proof required by section 18. The record in this case does not show that the proof required by section 18 of the Torrens act might not have been obtained. In the absence of such showing the examiner of titles was not authorized to make the certificate necessary to render the abstract competent as evidence. This being true, there was not sufficient evidence to support a decree.

For the above reason the decree of the circuit court granting application to register the title is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*